**NOT FOR PUBLICATION**



# FILED

NOV 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNTECH POWER HOLDINGS CO. LTD., | No. 17-16380 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-06409-VC |
| v. | |
| JULIAN RALPH WORLEY et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| STEVEN R. WADE, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted November 16, 2018[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before: HAWKINS, GRABER, and THACKER,*** Circuit Judges.

Liquidators appointed by a bankruptcy court to act on behalf of Suntech Power Holdings Company timely appeal the district court's dismissal of this action against Steven Wade, the personal representative of the estate of former Suntech officer Susan Wang. The parties dispute the interpretation of Suntech's Articles of Association. The law of the Cayman Islands applies to the interpretation of Suntech's Articles. Atl. Marine Constr. Co. v. U.S. Dist. Court, 571 U.S. 49, 65 (2013); Cal. Corp. Code § 2116. Reviewing de novo the dismissal, Proctor v. Vishay Intertech. Inc., 584 F.3d 1208, 1218 (9th Cir. 2009), and the content of foreign law, Fahmy v. Jay-Z, 891 F.3d 823, 829 (9th Cir. 2018), we affirm.

The district court correctly interpreted the contract to exculpate Suntech's directors from all but willful default. The "common meaning" interpretation of Article 140 that Suntech advances renders the clause meaningless because it exempts Suntech's directors from all liability except all liability. Because that interpretation is absurd and because the Articles' history and provision's context support an alternative, reasonable construction, we reject the literal interpretation of Article 140. The history of the Articles supports the district court's

---

*** The Honorable Stephanie Dawn Thacker, Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2

interpretation, because the previous version of the Articles used the bare term "default" to mean "willful default." Additionally, Cayman law recognizes the principle that a word is known by the company that it keeps. That canon supports the district court's interpretation: the nearby terms "dishonesty" and "fraud" require willfulness, so it is reasonable to conclude that the drafters of the Articles intended to allow suits only for willful default.

**AFFIRMED.**